UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| TONY T. CLARK, suing as Tony T. Clark-Bey, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) Case No. 12-CV-2139 |
| RONNIE HOLT, Warden, | ) ) ) |
| Respondent. | ) |

## OPINION

On May 25, 2012, Petitioner, Tony T. Clark-Bey, filed a pro se Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 by a Person in Federal Custody (#1). The case was originally assigned to Senior United States District Judge Harold A. Baker. On May 29, 2012, Judge Baker entered a Text Order. Judge Baker noted that Petitioner had previously filed a Petition pursuant to 28 U.S.C. § 2255 in Case No. 07-2185 which challenged his conviction and sentence in Case No. 03-20057, a case before this court. Judge Baker then transferred this case to Chief United States District Judge James E. Shadid for reassignment. On May 30, 2012, Chief Judge Shadid assigned the case to this court.

Judge Baker is correct that Petitioner has already filed a Motion under 28 U.S.C. § 2255. On October 9, 2007, in Case No.07-CV-2185, Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. On October 31, 2007, Petitioner filed an Amended Motion. On June 20, 2008, this court entered an Opinion and denied Petitioner's Amended Motion under § 2255, finding Petitioner was not entitled to relief.

In his pro se Petition (#1) in this case, Petitioner has stated that the Petition is brought

pursuant to 28 U.S.C. § 2241. The Seventh Circuit has explained that § 2255 applies to challenges to the validity of convictions and sentences and § 2241 applies to other challenges to the fact or duration of confinement. See Walker v. O'Brien, 216 F.3d 626, 629 (7th Cir. 2000); Valona v. United States, 138 F.3d 693, 694 (7th Cir. 1998). The court in Valona stated that § 2241 applies to motions "seeking relief on grounds concerning the execution but not the validity of the conviction and sentence-for example, a motion contending that the prison unlawfully deprived a prisoner of good time credits, or that parole officials unconstitutionally denied an application for release" and therefore applies to motions protesting "the handling of prison discipline, parole, or supervised release." Valona, 138 F.3d at 694.

In his Petition (#1), Petitioner has challenged the validity of his conviction and sentence in his criminal case and asked this court to vacate, commute, or set aside his conviction and sentence. Therefore, although Petitioner has filed the Petition as being pursuant to § 2241, Petitioner is clearly challenging the validity of his conviction and sentence and is not making any other challenge to the fact or duration of his confinement, such as a challenge to the handling of discipline, parole, or supervised release. Thus, although styled as a Petition under § 2241, Petitioner's Petition is properly understood as a request for relief under 28 U.S.C. § 2255. See United States v. Carraway, 478 F.3d 845, 849 (7th Cir. 2007), citing Gonzalez v. Crosby, 545 U.S. 524, 531 (2005).

Understood as a request for relief available only under § 2255, Petitioner's Petition is subject to the requirement that second or successive motions under this statute must be authorized by the court of appeals. See Carraway, 478 F.3d at 849. Section 2255(h)

provides that a "second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h). Accordingly, a district court has no jurisdiction to hear a second or successive motion under § 2255 unless the Seventh Circuit Court of Appeals has issued an order authorizing the district court to consider the motion. See 28 U.S.C. § 2244(b)(3)(A); Carraway, 478 F.3d at 849; Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996). "A district court must dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." Nunez, 96 F.3d at 991 (emphasis in original).

In this case, the Seventh Circuit has not authorized the filing of a second or successive motion pursuant to § 2255. Consequently, this court is without jurisdiction to entertain Petitioner's Petition and it must be dismissed. See Nunez, 96 F.3d at 991.

IT IS THEREFORE ORDERED THAT:

(1) Petitioner's pro se Petition (#1) is dismissed for lack of jurisdiction.

(2) This case is terminated.

ENTERED this 6th day of June, 2012

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE